IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

THOMAS ALABAKIS                 :

                                    :

    v.                          :     Civil Action No. DKC 2007-2032

                                      :

IRIDIUM HOLDINGS, LLC, ET AL.
                                      :

**MEMORANDUM OPINION**

Defendant Michael R. Deutschman has filed a motion to reassign this case to a judge in the Northern Division. (Paper 4). Defendants Dan A. Colussy and Iridium Holdings, LLC consent to the reassignment. (Papers 7, 11). Plaintiff Thomas Alabakis opposes the motion. (Paper 8).

The motion is based on the court's Local Rule 501.4.a.ii, which directs the assignment of a case to the Northern Division if any Maryland party resides in that division. *See* Local R. 501.4.a.ii. The complaint did not clearly identify the residence of Defendant Deutschman as being in the Northern Division, all other Maryland parties are resident in the Southern Division, and the clerk thus assigned the case to a Southern Division judge. As Defendant Deutschman is a resident of Baltimore City, he asserts that Local Rule 501.4.a.ii requires that the case be assigned to the Northern Division. (Paper 4). For the following reasons, Defendant's motion will be denied.

There is no "right" to assignment within a specific division. Jurisdiction and venue are district wide.   Rather, a court's assignment rules are merely for administrative convenience:

> Since 1989, statutory divisional venue no longer exists. *See* 28 U.S.C. § 1393 (repealed 1988). [6] While 28 U.S.C. § 1406(a) continues to refer to the filing of a case laying venue in the "wrong division", such language is vestigial and meaningless. *Crumrine v. NEG Micon USA, Inc.*, 104 F.Supp.2d 123, 1126 (N.D.Iowa 2000). It is now clear that trial of an action properly laying venue within a district may occur within any division within that district and irrespective of the parties' consent. Fed.R.Civ.P. 77(b); *see also Bishop*, 840 F.Supp. at 119; 32A Am.Jur.2d Federal Courts § 1419 (2002). This circumstance logically suggests that trial courts should entertain Section 1404(a) motions for intra-district change of venue with caution, and should not grant the requested relief unless the balancing of convenience and public interest factors results in a firm conclusion that the proposed new venue is decidedly more convenient and in the interest of justice.

> ———————
> [6] Title 28, United States Code, Section 1393 provided:
>
> (a) Except as otherwise provided, any civil action, not of a local nature, against a single defendant in a district containing more than one division must be brought in the division where he resides.
>
> (b) Any such action, against defendants residing in different divisions of the same district or different districts in the same State, may be brought in any of such divisions.

*Rios v. Scott*, 2002 WL 32075775, *4 (E.D.Tex. 2002).

Pursuant to 28 U.S.C. § 137: "The business of a court having more than one judge shall be divided among the judges as provided by the rules and orders of the court."  The District of Maryland has promulgated Local Rule 501.4.a.ii. indicating that, generally, "[c]ases in which at least one Maryland party resides in the Northern Division shall be assigned to judges sitting in the Northern Division."  On the other hand, if all Maryland parties reside in the Southern Division, the case is assigned to a judge in the Southern Division.  Local R. 501.4.a.i.  Subsection c provides for exceptions, including in order to remedy an imbalance in caseload.[1]

The place of assignment rule does not create a right in a litigant in a civil case to assignment in a particular division. At least one other jurisdiction has explicitly noted this principle in local its rules.  *See United States v. Gonzalez*, 421 F.Supp.2d 727, 732 (S.D.N.Y 2006) (citing the introductory paragraph to the S.D.N.Y Rules for the Division of Business Among Judges, which states in pertinent part, "[t]hese rules are adopted for the internal management of the case load of the court and shall not be deemed to vest any rights in litigants or their attorneys[.]"). Divisional assignment rules are "designed to provide geographic convenience for the parties while insuring a relatively equivalent

---

[1] The court is considering amendments to the Local Rule governing assignment of cases in light of the historic experience concerning the numbers of judges and cases.

number of cases will be filed in the several divisions in relation to the numbers of active judge positions having duty stations within each division." *Market Masters-Legal v. The Sutter Law Firm*, 2003 WL 21730523 (D.Mass. 2003). As noted in that opinion, a court's efforts to allocate cases fairly among its judges might be undermined by deliberate action on the part of a party to obfuscate the county (or city) of residence of a Maryland party. Here, though, the information was correctly stated on the form, but was not correctly understood by the clerk at the time the case was filed.[2]  A fair reading of the complaint indicates that the relevant events occurred in Montgomery County, which is within the Southern Division.

Defendants concede that this motion is made solely under the Local Rule, and is not based on 28 U.S.C. § 1404.  Therefore, it is unnecessary for the court to weigh the convenience of the parties and witnesses in deciding the motion.  Even assuming that the clerk mistakenly assigned the case to a judge in the Southern Division, there is no showing that the inconvenience is so great as to justify a transfer at this point.

---

[2] It did not matter that the case was physically filed in the Southern Division courthouse.  The clerk's office assigns cases based on the local rule regardless of where the case is opened.

Accordingly, Defendant's motion to transfer the case is DENIED.  A separate order will be entered.

                        _____/s/_____
                        DEBORAH K. CHASANOW
                        United States District Judge